UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH COGHILL individually and on behalf of all those similarly situated,[1]<br><br>Plaintiff,<br><br>v.<br><br>GERBER PAYROLL SERVICES, a Delaware Corporation; and JOSH LIGER, in his individual capacity; BOYD SERVICES GROUP, INC.,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:**       Clerk of the Court;

**AND TO:**   Kenneth Coghill, Plaintiff;

**AND TO:**   Nolan Lim, NOLAN LIM LAW FIRM, PS and Morgan Mentzer, MX LAW,

Plaintiff's attorneys of record:

---

[1] The caption incorrectly references that Plaintiff filed this lawsuit "individually and on behalf of those similarly situated." However, Plaintiff is only bringing individual claims in this lawsuit.

NOTICE OF REMOVAL TO
FEDERAL COURT

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

PLEASE TAKE NOTICE that Defendants GERBER PAYROLL SERVICES ("Gerber"), JOSH LIGER ("Mr. Liger"), and BOYD SERVICES GROUP, INC. ("Boyd"), by this Notice, now effect the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* U.S.C. §§ 1332(a) and 1441, and is timely under 28 U.S.C. § 1446. Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Superior Court for the State of Washington, in and for the County of King, and shall be served upon all parties with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

In support of its Notice or Removal, Defendants provide the following information:

### I.    PLEADINGS

1.    On August 13, 2025, Plaintiff initiated the instant matter by filing a copy of the Summons and "Individual Complaint Re: Discrimination, Retaliation, and Failure to Accommodate" ("Complaint") with the Superior Court of the State of Washington in and for the County of King. The Complaint sets forth three causes of action: (1) "Wrongful Termination in Violation of Public Policy[,]" (2) "Disablity [sic] Discrimination And Failure To Accommodate A Disability Pursuant To RCW 49.60[,]" (3) "Retaliation In Violation Of RCW 49.60[.]" Complaint at Parts V-VII. A true and correct copy of the Complaint is attached as **Exhibit A**.

2.    A true and correct copy of the Summons is attached as **Exhibit B**. A true and correct copy of the Case Information Cover Sheet is attached as **Exhibit C**. A true and correct copy of the Order Setting Case Schedule is attached as **Exhibit D**.

3.    A true and correct copy of Defendants' Acceptance of Service filed in King County Superior Court on September 11, 2025 is attached as **Exhibit E**.

4.    Defendants appeared through their counsel in the action in King County Superior Court on October 8, 2025. A true and correct copy of Defense Counsel's Notice of Appearance

NOTICE OF REMOVAL TO
FEDERAL COURT - 2 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

and Certificate of E-service are attached as **Exhibit F**.

5.      By signing this Notice of Removal, counsel for Defendants verify that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendants have received in the state court proceeding, King County Superior Court Case No. 25-2-23407-0.

## II.      VENUE AND INTRA-DISTRICT ASSIGNMENT

6.      Venue is proper (for purposes of removal) in the Western District of Washington at Seattle. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Seattle because Plaintiff initiated the lawsuit in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## III.      TIMELINESS OF REMOVAL

7.      The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

8.      As stated above, on September 11, 2025, Defendants' acceptance of service of the Summons and Complaint was filed in King County Superior Court. *See* Ex. E. Defendants filed this Notice of Removal within 30 days of acceptance of service and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## IV.      DIVERSITY JURISDICTION

9.      Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). As shown below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.      Citizenship of Plaintiff. For diversity purposes, an individual is a "citizen" of the

NOTICE OF REMOVAL TO
FEDERAL COURT - 3 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *See Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13–1040, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) ("A party's residence is 'prima facie' evidence of domicile . . . In the absence of evidence to the contrary, [plaintiff whose complaint alleged he resided in California] is a California citizen for diversity purposes.") (internal citation omitted). Plaintiff alleges he resides in Snohomish County, Washington, and that he is a former employee of "Defendant." Complaint at ¶ 3.3. Plaintiff's own representations establish that he is a citizen of Washington State.

11.     Citizenship of Gerber. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id.* at 93, which is the corporation's "nerve center." *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. At the time this action was commenced, and at the time of removal, Gerber was not, and is not, a citizen of the State of Washington. Gerber is a Delaware corporation which has its principal place of business in Elmhurst, Illinois. *Coghill et al. v. Gerber Payroll Servs. et al.*, No. 25-cv-759, ECF No. 2 (Apr. 24, 2025 W.D. Wash.) (Declaration of Sheryl Profeta ("Profeta Decl."), at ¶ 3).[2] Accordingly, for purposes of diversity

---

[2] On March 25, 2025, Plaintiff filed a "Class Action Compliant for Unpaid Wages and Individual Complaint Re Discrimination, Retaliation, and Failure to Accommodate" with the King County Superior Court. *See Coghill et al. v. Gerber Payroll Servs. et al.*, No. 25-2-09383-2 SEA (Mar. 25, 2025 King Cty.) On April 24, 2025, Defendants removed the action to federal court. *Coghill et al. v. Gerber Payroll Servs. et al.*, No. 25-cv-749, ECF No. 1 (Apr. 24, 2025 W.D. Wash.). After removal, Plaintiff filed an amended complaint removing his individual claims. *Compare id.*

NOTICE OF REMOVAL TO
FEDERAL COURT - 4 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of citizenship, the only properly joined and served defendant, Gerber, is not a citizen of Washington. *Johnson*, 437 F.3d at 899.

12. Citizenship of Boyd. At the time this action was commenced, and at the time of removal, Boyd was not, and is not, a citizen of the State of Washington. Boyd is a Canadian corporation which has its principal place of business in Winnipeg, Manitoba. Profeta Decl., at ¶ 4.

13. Citizenship of Josh Liger. Josh Liger is a citizen of the state of Washington. Profeta Decl., at ¶ 5.

14. However, the citizenship of Mr. Liger does not impact the Court's jurisdiction or Gerber's removal. The citizenship of Mr. Liger should be disregarded for the purposes of assessing diversity jurisdiction as he was fraudulently joined in this action. Where a defendant is fraudulently joined, their citizenship will not defeat diversity for the purposes of removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds") (citations omitted); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

15. Here, Plaintiff names Josh Liger as a defendant, yet his threadbare allegations demonstrate Mr. Liger is fraudulently joined in this action. Plaintiff does not identify Mr. Liger's affiliation with the corporate defendants; does not identify Mr. Liger's position; does not identify Mr. Liger as an "employer" or an individual that may be held liable under the legal theories Plaintiff purportedly bases his action on; does not identify any control Mr. Liger allegedly had over the terms and conditions of Plaintiff, much less over Plaintiff's wages, schedules, accommodations, disciplines, or terminations; nor does Plaintiff identify any adverse employment

---

at ECF No. 1 *with* ECF No. 16. Plaintiff then merely re-filed his individual claims as a separate case in King County Superior Court. *Compare id.* at ECF No. 1 *with* Compl. As such, for the instant removal, Defendants refer to the declaration of Sheryl Profeta filed with their initial removal. No. 25-cv-759 at ECF No. 2.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

action allegedly taken by Mr. Liger. *See generally* Complaint.

16.     Although the Complaint alleges that Plaintiff informed "his managers, including Mr. Liger" of a "broken garage door" and of related ventilation issues, Complaint at ¶¶ 4.9-4.10, the Complaint is devoid of any allegation that Josh Liger possessed any decision-making authority subjecting him to liability under the legal theories Plaintiff purportedly based his action on or that Mr. Liger was otherwise involved in any adverse action allegedly taken against Plaintiff as described in the Complaint. None of Plaintiff's causes of action identifies *any* conduct by Josh Liger connected to the alleged discrimination, alleged retaliation, or to the alleged adverse actions, much less any conduct that could give rise to liability under the cited statutes.

17.     Furthermore, Plaintiff offered to dismiss Mr. Liger from the case if Defendants agreed to not remove this case to federal court. Declaration of Breanne Sheetz Martell ("Martell Decl.") ¶ 1. Plaintiff's proposal reveals the tactical reasons for joining Mr. Liger in this action—i.e. joining a sham defendant in an improper attempt to defeat diversity of citizenship to try to prevent removal—and underscores Plaintiff's fraudulent joinder of Mr. Liger.

18.     For these reasons, Plaintiff fails to state a claim against Josh Liger, and that "failure is obvious according to the settled rules of the state [of Washington.]" *Morris*, 236 F.3d at 1067 (citation omitted); *Miglio v. United Airlines*, No. C13-573RAJ, 2014 WL 1089285, at *2–3 (W.D. Wash. Mar. 17, 2014) (denying plaintiff's motion for reconsideration of decision finding fraudulent joinder where non-diverse defendants merely carried out the instructions of superior, and plaintiff alleged no facts establishing retaliatory intent on the non-diverse defendants' part); *see also Valley v. Int'l Bus. Mach. Corp.*, No. 3:17-CV-1413-AC, 2018 WL 3148246 (D. Or. Mar. 14, 2018), *adopted in part by*, 2018 WL 2021345, at *2 (D. Or. May 1, 2018) (finding fraudulent joinder where plaintiff did "'not identify the individual who fired him, the parties involved in the decision-making process, or [the non-diverse defendant's] involvement in such process' . . . The only 'acts' that Plaintiff attributes to the [non-diverse defendant are knowledge of her complaints

NOTICE OF REMOVAL TO
FEDERAL COURT - 6 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

and lack of response].”); *Lovell v. United Airlines, Inc.*, No. 09-00146 ACK-LEK, 2009 WL 3172680, at *3–4 (D. Haw. Aug. 18, 2009), *adopted by*, No. CIV. 09-00146 ACK-LE, 2009 WL 3172729 (D. Haw. Oct. 2, 2009) (finding fraudulent joinder where plaintiff alleged no specific actions taken by non-diverse supervisors to aid and abet discrimination and, while the non-diverse supervisors allegedly notified employees of the policy, they did not assist in creating the policy).

19.     Consequently, there is complete diversity of citizenship between Plaintiff, and Defendant Gerber and Defendant Boyd. The citizenship of Josh Liger does not factor into the jurisdictional analysis as he was fraudulently joined in this action.

20.     Amount in Controversy. For purposes of removal, the amount in controversy for Plaintiff Coghill’s individual claims exceeds $75,000, as set forth below.

## V.     AMOUNT IN CONTROVERSY

21.     The “plaintiff’s complaint” is a court’s “first source of reference in determining the amount in controversy.” *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. *See* Complaint. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The ultimate inquiry is what amount is put “in controversy” by the plaintiff’s complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commcns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (“The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant’s liability.”) (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal “encompasses all relief a court may grant on that complaint if the

NOTICE OF REMOVAL TO
FEDERAL COURT - 7 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

plaintiff is victorious").

22.    Individual Claims. Plaintiff Coghill alleges that he was wrongfully terminated in November 2024. Complaint at ¶ 4.12. At the time of his termination, Plaintiff Coghill was a full-time employee, and for the majority of his employment, was compensated on a commission basis. Profeta Decl., at ¶ 7. Plaintiff Coghill's average commission rate expressed on an hourly basis was $27.97. *Id.* For his individual claims, if this case proceeds to trial in one year (October 2026), Plaintiff Coghill would be seeking at least 23 months of lost wages (totaling approximately **$112,000**), in addition to front pay, "lost medical and retirement benefits, and other lost pecuniary benefits of employment[.]" Complaint at Part VIII.

23.    Plaintiff Coghill alleges that he "suffered and continues to suffer emotional harm, including grief, loss of enjoyment of life, damage to reputation, fear, anxiety, anguish, embarrassment, humiliation and other damages[.]" Complaint at ¶¶ 5.4, 6.5. 7.4, Part VIII(B). Emotional distress awards under the Washington Law Against Discrimination frequently exceed $75,000. *See, e.g.*, *Bunch v. King Cty. Dep't of Youth Servs.*, 155 Wash.2d 165, 180 (2005) ("[E]vidence of emotional distress [was] limited, but . . . sufficient to support an award of noneconomic damages" in the amount of $260,000 in employment discrimination case); *Martini v. Boeing Co.*, 137 Wash.2d 357, 362 (1999) (noting jury award of $75,000 for "pain, suffering, and emotional distress" in discrimination case).

24.    Attorney's Fees. Plaintiff also seeks attorney's fees and costs. Complaint at Part VIII(C). It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). A reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are

NOTICE OF REMOVAL TO
FEDERAL COURT - 8 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019) (reaffirming *Fritsch*).

25.    Courts have recognized that even in single-plaintiff employment lawsuits, 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citation omitted). The parties will need to conduct discovery, take depositions, and engage in motions practice with respect to Plaintiff's individual claims. Based on defense counsel's experience and guidance from the Court that 100 hours of attorney time is a "conservative estimate" needed to litigate an employment matter. Plaintiff's attorney (Nolan Lim) submitted a declaration in 2021 stating his hourly rate was $450 per hour. Martell Decl. ¶ 2, Ex. 1. Therefore, the attorney's fees at issue could be at least **$45,000** (100 hours multiplied by $450 per hour).

26.    Accordingly, when adding the potential damages and future attorney's fees for Plaintiff's individual claims, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction.

### VI.    <u>**NOTICE TO PLAINTIFF AND STATE COURT**</u>

27.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

### VII.    <u>**RESERVATION OF RIGHTS**</u>

28.    In the event this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a

NOTICE OF REMOVAL TO
FEDERAL COURT - 9 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

remand order under diversity jurisdiction is not subject to appellate review, such a procedure is appropriate.

29.     Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendants respectfully request that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

Dated: October 8, 2025

/s/ Breanne Sheetz Martell
Breanne Sheetz Martell, WSBA # 39632
bsmartell@littler.com

/s/ Madhura Panjini
Madhura Panjini, WSBA #54370
mpanjini@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
Telephone:     206.623.3300
Facsimile:     206.447.6965

Attorneys for Defendants

GERBER PAYROLL SERVICES; JOSH LIGER; and BOYD GROUP SERVICES, INC.

NOTICE OF REMOVAL TO
FEDERAL COURT - 10 -

4926-0419-7987

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**CERTIFICATE OF SERVICE**

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On October 8, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

| Attorneys for Plaintiff | Attorneys for Plaintiff |
|---|---|
| Nolan Lim, WSBA #36830<br>NOLAN LIM LAW FIRM, PS<br>1111 Third Avenue, Suite 1850<br>Seattle, WA 98101<br>Tel: (206) 963-9130<br>Email: nolan@nolanlimlaw.com | Morgan Mentzer, WSBA #47483<br>MX LAW, PLLC<br>710 Pacific Ave., #8<br>Tacoma, WA 98402<br>Tel: (253) 693-0388<br>Email: morgan@mxlaw.net |

I certify under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on October 8, 2025, at Seattle, Washington.

/s/ Colette Pringle-Saunders
Colette Pringle-Saunders, Attorney Practice Coordinator
cpsaunders@littler.com
**LITTLER MENDELSON, P.C.**

NOTICE OF REMOVAL TO FEDERAL COURT - 11 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

4926-0419-7987